IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL RODRIGUEZ,

    Petitioner,               No. CIV S-11-2199 WBS CKD P

    vs.

TIMOTHY BUSBY,

    Respondent.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

        Petitioner seeks federal habeas relief concerning his 2002 conviction for premeditated murder pursuant to a guilty plea, for which he was sentenced to a term of twenty-five years to life in state prison.  (Dkt. No. 1 at 1.)  Petitioner's victim was his cellmate, whom he maintains he killed in self-defense.  Concurrent with his filing of the petition on August 18, 2011, petitioner filed a motion seeking to stay and abey proceedings in this case in order to allow

\\\\

1

him to exhaust state remedies as to Claims 4 and 5.[1] (Dkt. No. 3.)

In Claim 4, petitioner asserts that the trial court violated his due process rights by failing to advise him that, in order to secure a conviction for first degree murder, the state would have to prove premeditation beyond a reasonable doubt. Petitioner argues that he was prejudiced by this omission because it caused him to plead guilty in order to avoid the death penalty, rather than argue at trial that he killed his cellmate in self-defense. (Dkt. No. 1, Attached Memorandum at 12.)

In Claim 5, petitioner asserts that the trial court violated his due process rights by failing to establish a sufficient factual basis for his guilty plea to premeditated murder. (Id. at 12-13.) He cites the October 21, 2001 Rules Violation Report documenting how correctional officers found petitioner's cellmate strangled to death under his bed on August 18, 2001, and noting that a physical examination of petitioner revealed that petitioner had "sustained multiple scratches and bruising to his back, chest, legs, and arm areas[.]" (Id., Dkt. No. 1, Ex. C at 39-41.) Based on this report, petitioner argues that "prison officials did not find any evidence of premeditation." (Dkt. No. 1, Attached Memorandum at 15.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Under Rhines v. Weber, 544 U.S. 269, 277-279 (2005), the court may stay a mixed petition containing both exhausted and unexhausted claims pending exhaustion of the

---

[1] Petitioner asserts that he has exhausted state remedies as to Claims 1-3, which were denied by the California Supreme Court earlier this year.

unexhausted claims if petitioner shows that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies. Here, the court need not reach whether petitioner's claims have potential merit because petitioner has made no attempt to show good cause for failing to exhaust state remedies as to Claims 4 and 5. In his motion, he states that these claims are in the process of being exhausted, but does not explain why he did not raise them earlier in the state courts along with Claims 1-3. (Dkt. No. 3.) Accordingly, the court will deny petitioner's motion to stay and abey without prejudice to his filing a Rhines motion that addresses the good cause requirement.

Going forward, petitioner has two options. Within thirty days petitioner may (1) file an amended habeas application omitting all claims except those claims which have been presented to and rejected by the California Supreme Court[2]; or (2) file a renewed motion to stay this action pending the exhaustion of state court remedies with respect to Claims 4 and 5. To be entitled to a stay, petitioner must show good cause for his failure to exhaust earlier, and that the unexhausted claims are potentially meritorious. Rhines, supra, 544 U.S. 269. Petitioner's failure to comply with one of these alternatives within thirty days will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Petitioner's August 18, 2011 motion for a stay (Dkt. No. 3) is denied without prejudice; and

3. Petitioner is granted thirty days within which to inform the court how he wishes to proceed in this matter by choosing one of the alternatives described above. If

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year limitations period will start to run on the date on which the state court judgment becomes final by the conclusion of direct review or the expiration of time for seeking direct review, although the limitations period is tolled while a properly filed application for state post-conviction or other collateral relief is pending. 28 U.S.C. § 2244(d).

1  petitioner fails to so inform the court within thirty days, the court will recommend that this action
2  be dismissed without prejudice.
3  Dated: November 3, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
rodr2199.stay