IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL RODRIGUEZ,

    Petitioner,                  No. 2:11-cv-2199 WBS CKD P

    vs.

DAVID B. LONG[1],               ORDER AND

    Respondent.           FINDINGS & RECOMMENDATIONS

                              /

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the third amended petition filed April 12, 2012. (Dkt. No. 16 ("Ptn.").) Before the court is respondent's June 26, 2012 motion to dismiss the petition as untimely filed. (Dkt. No. 21.) Petitioner has filed an opposition to that motion and respondent has filed a reply. (Dkt. Nos. 22, 23.) For the reasons discussed below, the undersigned will recommend that respondent's motion to dismiss be granted.

---

[1] Respondent states that David B. Long is the current Acting Warden of Ironwood State Prison and asks that he be substituted as respondent in this matter. The court will grant this request. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."); Rule 2(a), 28 U.S.C. foll. § 2254).

1

BACKGROUND

On August 27, 2002, petitioner pled guilty to first degree murder in the death of his cellmate. He was sentenced to an indeterminate prison term of 25 years to life. (Ptn. at 3, 5; Lod. Doc. 1.)[2] Petitioner did not appeal.

Petitioner subsequently filed five state post-conviction collateral challenges with respect to the judgment:

<u>The First Petition</u>[3]

July 14, 2009: Petition for writ of habeas corpus filed in the Lassen County Superior Court (Lod. Doc. 2);

August 31, 2009: Petition denied in part and transferred to the Kings County Superior Court (Lod. Doc. 3);

October 30, 2009: Petition denied (Lod. Doc. 4).

<u>The Second Petition</u>

September 22, 2009: Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 5);

October 1, 2009: Petition denied (Lod. Doc. 6).

<u>The Third Petition</u>

October 1, 2009: Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 7);

April 14, 2010: Petition denied, citing <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998) (Lod. Doc. 8).

---

[2] Lodged documents refer to those documents lodged by respondent on August 15, 2012. (Dkt. No. 24.)

[3] All petitions listed were given the benefit of the mailbox rule. "Under the mailbox rule, a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001); <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. See <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th. Cir. 2003).

<u>The Fourth Petition</u>

January 20, 2011:  Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 9);

July 20, 2011:  Petition denied, citing <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998); <u>In re Clark</u>, 5 Cal. 4th 750, 767-769 (1993) (Lod. Doc. 10).

<u>The Fifth Petition</u>

August 8, 2011:  Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 11);

January 4, 2012:  Petition denied, citing <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998); <u>In re Clark</u>, 5 Cal. 4th 750, 767-769 (1993).

Petitioner constructively filed the instant action on August 11, 2011.  (Dkt. No. 1.)

STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>     (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

\\\\\

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

ANALYSIS

I. <u>Commencement of the Running of the Limitation Period</u>

    Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. <u>Wixom,</u> 264 F.3d at

897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Petitioner did not seek direct review of his August 27, 2002 sentence.  Thus, the time to seek direct review ended sixty days later on October 26, 2002, when time to file a direct appeal expired.  Cal. Rule of Court, Rule 8.308.  The one-year limitations period commenced running the following day, October 27, 2002, and concluded one year later on October 26, 2003. 28 U.S.C. § 2244(d)(1); Fed.R.Civ.P. 6(a).  Thus the last day to file a federal petition was on October 26, 2003, plus any time for tolling.  The instant action was commenced nearly eight years later on August 14, 2011.

In his opposition to the motion to dismiss, petitioner argues that he is entitled to a later start date of the limitations period under 28 U.S.C. § 2244(d)(1)(D), which provides that the period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner asserts the following claims in the operative petition: (1) insufficient evidence of premeditation; (2) ineffective assistance of counsel in allowing petitioner to enter guilty plea; (3) trial court erred in failing to advise that government must prove premeditation beyond a reasonable doubt, and failed to establish a factual basis for conviction; and (4) denial of permission to file successive petition deprived petitioner of due process rights.  (Ptn.)  Petitioner asserts that he "was not aware of these claims prior to . . . March 2008[] and June 2009, when a jailhouse lawyer informed me that I have these claims and new evidence."  (Dkt. No. 22 at 5.)  He further states: "I didn't discover all of my claims at once.  My helper discovered the [ineffective assistance] claim, and as the evidence and time developed I began discovering those other claims, and exhausted them all in state court.  I didn't have the legal experience to understand what claims exist[ed] at once."  (Id. at 7.)

The "new evidence" petitioner cites appears to relate to his insufficient evidence claim only.  Petitioner alleges in the petition that, in 2009, "two South Siders attempt[ed] to kill

5

me for the murder of my cellmate. . . . Due to this new evidence, this proves that the South Side Prison Gang did not order me to premeditate the murder of my cellmate." (Ptn. at 17.) Petitioner similarly argues in opposition to the motion to dismiss that

> the prosecution's possible theory that South Siders ordered me to kill my fellow member fails because the new evidence proves that the South Siders want to kill me for killing my cellmate. . . . The prosecution's other possible theory that I, myself, premeditated the murder fails because: . . . [i]n order to premeditate the murder of my fellow member (South Sider), I must first obtain permission from my South Side shot-callers, which I obviously didn't because they want to kill me for doing so.

(Dkt. No. 22 at 7-8.)

Petitioner has not made a showing sufficient to delay commencement of the limitations period under section 2244(d)(1)(D). He was not convicted at trial, but entered a guilty plea to first degree murder in lieu of going to trial at the risk of receiving a harsher sentence. As petitioner was present in court to enter a plea of guilty, he knew of the factual predicate of his first three claims[4] at the time he was sentenced. "That Petitioner, due to his lack of legal training, may not have appreciated the legal significance of these facts vis-a-vis a federal habeas claim, does not alter that he was aware of the factual basis for his claim no later than the date" he was convicted and sentenced pursuant to a guilty plea. Barboza v. Martel, 2011 WL 6294077, at *3 (E.D. Cal. Dec. 15, 2011).

Insofar as petitioner argues that the 2009 attempt on his life was a new factual predicate that restarted the AEDPA clock, petitioner does not explain why this event is relevant to his 2002 decision to plead guilty, or how it (retroactively) rendered his guilty plea unconstitutional. Because this 2009 event is, at best, tangentially related to any constitutional challenge to his 2002 sentence, it cannot be used to restart the AEDPA clock.

---

[4] Petitioner's fourth claim, alleging that the state courts improperly dismissed certain of his petitions on procedural grounds, is not cognizable on federal habeas review. Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.")

Finally, petitioner has not shown diligence in pursuing his claims, as he did not file a state petition for post-conviction collateral review until nearly five years into his sentence. Thus, as noted above, the limitations period commenced on October 27, 2002 and concluded on October 26, 2003.

II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

State time limits are conditions to filing which render a petition not properly filed. Pace, supra, 544 U.S. at 417. When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. Id.

Here, petitioner filed five state post-conviction collateral challenges between July 2009 and August 2011, as described above. His petitions to the California Supreme Court were expressly denied as untimely. Thus, these state habeas petitions were not "properly filed" so as to toll the running of the limitations period.

In addition, all five state petitions were filed after the one-year statutory limitations period ended on October 26, 2003. The tolling provision of section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under section 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, petitioner's five state habeas petitions, all of which were filed after the AEDPA deadline, cannot toll the running of the already-run statute.

III. <u>Equitable Tolling</u>

Petitioner argues that he is entitled to equitable tolling due to his "lack of legal education." (Dkt. No. 22 at 12.) However, the Ninth Circuit has held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, petitioner is not entitled to tolling on this basis.

Alternatively, petitioner seeks equitable tolling on the ground that he is actually innocent of premeditated murder. (Dkt. No. 22 at 13-14.) In <u>Lee v. Lampert</u>, 653 F.3d 929, 931, 933, fn.5 (9th Cir. 2011), the Ninth Circuit held that a credible showing of "actual innocence" under <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), could serve as an "equitable exception" to the AEDPA limitations period.

> In order to present otherwise time-barred claims to a federal habeas court under <u>Schlup</u>, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases ... implicating a fundamental miscarriage of justice.'" 513 U.S. at 314–15. The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." <u>Id.</u> at 316.
>
> To pass through the <u>Schlup</u> gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Id.</u> at 327. This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence."

<u>Id</u>. at 937-938 (some internal citations omitted). Here, petitioner does not make the strong showing of actual innocence required for an equitable exception to the AEDPA limitations period. The fact that two South Siders attempted to kill petitioner in 2009 for the murder of his cellmate does not suggest that petitioner's 2002 guilty plea to the murder of his cellmate was a "fundamental miscarriage of justice." Thus petitioner's untimeliness should not be excused on this basis.

\\\\\

1      In lieu of equitable tolling, petitioner seeks an evidentiary hearing "to allow
2  petitioner to prove his claims." (Dkt. No. 22 at 12.) Petitioner has not explained what specific
3  evidence he seeks to introduce or how it bears on the equitable tolling issues discussed above.
4  Moreover, as petitioner's claims appear to be untimely, an evidentiary hearing on the merits is
5  inappropriate. Thus the court will deny this request. See Waldrip v. Hall, 548 F.3d 729, 737 (9th
6  Cir. 2008) (finding that district court did not abuse its discretion in denying request for evidentiary
7  hearing on timeliness of federal petition).
8      As the undersigned has determined that the petition is untimely, it does not reach
9  the issue of whether Claim Four is unexhausted.
10     Accordingly, IT IS HEREBY ORDERED that the Clerk of Court substitute David
11 B. Long as respondent in the docket of this action.
12     IT IS HEREBY RECOMMENDED that:
13     1. Respondent's June 26, 2012 motion to dismiss for untimeliness (Dkt. No. 21) be
14 granted; and
15     2. This case be closed.
16     These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
18 one days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties. Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner
21 may address whether a certificate of appealability should issue in the event he files an appeal of
22 the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district
23 court must issue or deny a certificate of appealability when it enters a final order adverse to the
24 applicant). Any reply to the objections shall be served and filed within seven days after service of
25 the objections. The parties are advised that failure to file objections within the specified time
26 ////

may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 6, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
rod2199.mtd